# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JUSTIN LEE TRIPP,

    *Petitioner*,

vs.

JOE LOMBARDO, *et al.*,

    *Respondents.*

2:17-cv-02385-JCM-GWF

ORDER

This habeas matter comes before the court on a pending show-cause inquiry as to whether the petition is subject to dismissal for failure to state a claim, mootness, and lack of exhaustion, as well as upon petitioner's motion (ECF No. 20) for appointment of counsel. This order follows upon the court's earlier show-cause order (ECF No. 17) and petitioner's response thereto (ECF No. 19).

## *Background*

Petitioner Justin Tripp originally filed the current petition under 28 U.S.C. § 2241 in the Western District of Washington on or around July 7, 2017. That court transferred the action to this court, and the matter was docketed in this court initially on September 12, 2017.

Tripp's federal petition alleged, *inter alia*, that: (1) petitioner had been sentenced to a term of imprisonment of 36 months and 36 months of supervised release in a federal criminal case in the Western District of Washington; (2) he absconded from supervised release in or about September 2014; (3) he had been detained since March of 2016 by Nevada state authorities ostensibly on a state criminal prosecution; (4) a federal detainer had been lodged

against him with regard to revocation of his supervised release vis-à-vis the Washington federal conviction; (5) Nevada state authorities allegedly were holding petitioner only to release him to federal authorities pursuant to the detainer, with no real interest in pursuing state charges against him; (6) there thus allegedly had been no proceedings in the state court case, without an indictment, arraignment or preliminary hearing; and (7) the failure of federal officials to pursue his extradition for revocation proceedings in federal court in Washington allegedly was preventing Nevada state authorities from dismissing his Nevada case.

Petitioner requested in the main that the Washington federal district court issue a writ of habeas corpus ad testificandum ordering the United States Marshal to take custody of petitioner in Nevada and bring him before that court for revocation proceedings.

On December 14, 2017, this court denied petitioner's pending pauper application and gave him thirty days to pay the filing fee. The receipt from petitioner's payment of the filing fee was entered on January 4, 2018, posturing the matter then for screening review.

Meanwhile, during the pendency of this federal action, Nevada state authorities prosecuted the state criminal proceeding through to a judgment of conviction. The matter was bound over from the justice court to the state district court on September 22, 2017, under docket number 17C326718, with petitioner having unconditionally waived a preliminary hearing.[1] An information was filed in the district court on September 25, 2017. Petitioner was arraigned on September 26, 2017; and he entered a guilty plea at that time, pursuant to a written plea agreement, of felony unlawful possession of an electronic stun device and felony resisting a public officer with the use of a dangerous weapon. Petitioner was sentenced on November 15, 2017, to 24 to 60 months on the first charge with a concurrent sentence of 12 to 48 months on the second charge and further with 604 days credit for time served. The judgment of conviction was filed on November 29, 2017.

---

[1]The court has taken judicial notice in the show-cause order and herein of the online docket records of the state district court and state appellate courts. *See, e.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The accuracy of the procedural recital in the prior order has not been challenged herein. The online docket records of the state courts may be accessed from: https://nvcourts.gov/Supreme/ and https://www.clarkcountycourts.us/Anonymous/default.aspx .

The time to file a direct appeal from the judgment of conviction expired on December 29, 2017.  The state district court online docket sheet does not reflect that petitioner filed a direct appeal, and he has filed no other papers in that court since the November 29, 2017, judgment of conviction.  The state appellate courts' online docket further does not reflect that he has filed any other proceeding in those courts seeking to present any claims for review.

Petitioner currently is in the custody of the state corrections department.

## *Discussion*

### *Failure to State a Claim*

A defendant does not have a right to compel his extradition to face a revocation proceeding following the filing of a federal detainer.  A defendant does have a due process right to a reasonably prompt hearing on revocation of supervised release.  *See, e.g. United States v. Gavilanes-Ocaranza*, 772 F.3d 624, 628 (9th Cir. 2014); *United States v. Santana*, 526 F.3d 1257, 1259 (9th Cir. 2008).  However, that right is not triggered until the violator is taken into federal custody on the violation warrant.  Accordingly, that right is not triggered when the federal warrant instead remains unexecuted and merely has been placed as a detainer at a state institution where the violator is in custody on other charges.  *See Moody v. Daggett*, 429 U.S. 78, 86-89 (1979)(parole violation warrant); *United States v. Bartholdi*, 453 F.2d 1225, 1226 (9th Cir. 1972)(probation violation warrant);[2] *United States v. Magana-Colin*, 2009 WL 5103107 (9th Cir. 2009)(supervised release violation warrant).  The defendant accordingly cannot compel federal authorities to writ the defendant out of state custody into federal custody for purposes of executing the federal supervised release violation warrant, and he is not entitled to a revocation hearing on the supervised release violation charges before any state court proceedings and associated state custody have concluded.  *See, e.g., Moody*, 429 U.S. at 87-88; *see generally Williams v. Central District of California*, 2017 WL 5495518, at *3 & nn. 5 & 6 (C.D. Cal., Nov. 15, 2017).

---

[2]Although *Moody* and *Bartholdi* respectively involved a parole violation warrant and a probation violation warrant, proceedings for revocation of probation, parole and supervised release are treated as equivalents for due process purposes.  *Santana*, 526 F.3d at 1259 n.2.

1    The current petition, which seeks to compel petitioner's extradition from state custody

2    to federal custody in Washington to face a supervised release revocation proceeding,

3    therefore fails to state a claim upon which relief may be granted.  Petitioner's arguments in

4    his show-cause response beg the question.  He cannot compel federal authorities to writ him

5    out of state custody into federal custody on the violator warrant, and he cannot compel the

6    holding of a revocation hearing in federal court before his state custody is concluded.[3]

7    The original petition therefore will be dismissed for failure to state a claim upon which

8    relief may be granted to the extent that petitioner seeks an order compelling his extradition

9    for a revocation proceeding in Washington federal court and any related requests for relief.

10   *Mootness*

11   The original petition further has been mooted by the intervening state court

12   proceedings.  The gravamen of the original petition was that petitioner was being held by

13   Nevada state authorities for federal authorities with no actual intention to obtain a state

14   criminal conviction.  That core allegation of the petition has been undercut by the state

15   proceedings that followed only a short time thereafter, in which petitioner was convicted of

16   multiple felonies, sentenced, and incarcerated in the state corrections department under a

17   judgment of conviction. Petitioner's arguments in the show-cause response beg the question

18   as to the mootness of the original petition, which is the only pleading before the court.

19   The original petition further will be dismissed as moot.

20   *Lack of Exhaustion*

21   Petitioner urges in his show-cause response that his Nevada state conviction should

22   be set aside due to, *inter alia*, alleged ineffective assistance of counsel.  As noted in the

23

24

25   [3]The petition fails to state a claim in this regard, in any federal court.  Petitioner requests that this
     court either hold the revocation hearing on the Washington federal criminal case and recall the warrant or
     order that petitioner be transferred to the Washington federal court to have a revocation hearing.  Petitioner

26   has no legal right, in any court, to compel a revocation hearing prior to the time that he is taken into federal
     custody after his state custody is concluded on his pending conviction.  This court further clearly has no

27   jurisdiction to hold a revocation hearing in a Washington federal criminal case.  Nor will it order that petitioner
     be transferred to Washington for such a hearing when petitioner has no legal right to compel such a hearing

28   at this point.  The petition simply fails to state a claim upon which relief may be granted in this regard.

-4-

show-cause order, any effort to challenge petitioner's Nevada state conviction would be futile at this juncture given that petitioner has not exhausted any federal constitutional claims in the state courts. Since the filing of the November 29, 2017, judgment of conviction, petitioner has not filed a direct appeal, a state post-conviction petition, or any other paper in any state court seeking to challenge his Nevada state conviction.

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee upon which he relies and must also state the facts that entitle him to relief on that federal claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Petitioner herein has not presented any claim to any state court in any proceeding subsequent to the November 29, 2017, judgment of conviction challenging that judgment. He thus has no exhausted claims that could be presented herein.

Petitioner's failure to file a timely direct appeal from his conviction does not lead to a conclusion either that petitioner has no available state remedies and/or that his claims are technically exhausted by a procedural default of his claims. Rather, petitioner may file a timely state post-conviction petition presenting claims, *inter alia*, challenging his plea based upon ineffective assistance of counsel within one year of – given the absence of a timely appeal – the entry of judgment on November 29, 2017. *See* N.R.S. 34.726(1). He further

1  potentially may seek therein to establish grounds, if he has viable such grounds, for an out-
2  of-time direct appeal pursuant to Nevada Rule of Appellate Procedure 4(c).

3  What petitioner generally may not do, however, is decline to pursue any state court
4  judicial remedies through to the highest state court level of review available and simply
5  proceed to federal court with wholly unexhausted claims.

6  That is what petitioner seeks to do here, and he presents no viable argument as to why
7  any attempt to challenge the November 29, 2017, conviction also should not be dismissed
8  without prejudice for lack of exhaustion.

9  This action therefore will be dismissed without prejudice also for lack of exhaustion to
10  the further extent that petitioner seeks to challenge his Nevada state conviction herein.[4]

11  ***Motion for Appointment of Counsel***

12  On petitioner's motion for appointment of counsel, the Sixth Amendment right to
13  counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722,
14  728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to
15  appoint counsel to represent a financially eligible habeas petitioner whenever "the court
16  determines that the interests of justice so require." The decision to appoint counsel lies within
17  the discretion of the court; and, absent an order for an evidentiary hearing, appointment is
18  mandatory only when the circumstances of a particular case indicate that appointed counsel
19  is necessary to prevent a due process violation. *See, e.g., Chaney v. Lewis*, 801 F.2d 1191,
20  1196 (9th Cir.1986).

21  The interests of justice do not require or warrant the appointment of counsel herein.

22  At the outset, the relatively short-duration sentences involved do not weigh in favor of
23  utilizing limited public defense resources for this case. While petitioner complains of the
24  prejudgment delay in the state proceedings, the state district court's online minute entry

25

26  [4]The show-cause order noted that petitioner had not sought to challenge his Nevada judgment of
   conviction in an amended petition that was filed pursuant to 28 U.S.C. § 2254 and that was brought against
27  his current custodian. Petitioner, to this date, still has not done so. He still names improper respondents,
   such as the local sheriff, with regard to any challenge to his state custody. Any further proceedings herein in
28  that regard in all events would be futile given the complete lack of exhaustion.

-6-

reflects that he was given 604 days credit for the prejudgment time served at the time of his sentencing, with his sentences thus running from on or about March 21, 2016. He was sentenced to concurrent sentences of 24 to 60 months and 12 to 48 months. With the 604 days of presentence credit and petitioner's eligibility for statutory sentencing credits thereafter, petitioner could be fully released from state custody as early as February 2019 – if he is not paroled out of state physical custody prior to that time during the months remaining in 2018.

Over and above the relatively short-duration sentences presented, petitioner fails to present a viable basis for seeking the relief sought in this particular proceeding at this juncture, for the reasons previously discussed herein. To the extent that petitioner seeks to compel a revocation proceeding in Washington federal court, he has no legal right to do so at this juncture. Moreover, given the short-duration sentences, he in any event may well have a revocation proceeding in a relatively short period of time, once he is released by the state. To the extent that petitioner also now seeks to challenge his state conviction, his claims clearly are completely unexhausted. He thus has no viable basis for seeking the relief sought in this proceeding at this juncture.

While petitioner fails to present a viable basis for relief in this proceeding, petitioner nonetheless has demonstrated an adequate ability to present his position *pro se*. The action is being dismissed not because petitioner has been unable to articulate his position; the action is being dismissed because the position that he articulates lacks any merit under the governing law. There is no potentially viable basis for obtaining the relief sought that could be more effectively presented with appointed counsel. Petitioner's efforts, first, to compel a revocation proceeding in the Washington federal criminal case prior to his release from state custody and, second, to obtain federal habeas review of completely unexhausted claims challenging his state conviction both are fundamentally flawed.

The court therefore will not appoint counsel for a petitioner with likely only months left in his short-duration state sentences to pursue such fundamentally flawed requests for relief.

The court informs petitioner, now for a second time, that a one-year state limitations period for seeking state post-conviction relief runs from the November 29, 2017, entry of the

judgment of conviction.  (*See also* ECF No. 17, at 5.)  If petitioner fails to timely seek state post-conviction relief, he may give rise to a situation in which he may not be able to obtain a review on the merits of his claims challenging his state court conviction, in any court. Petitioner's pursuit of the present action in federal court, including any appeal from this dismissal, has not stopped and will not stop the running of either the state or federal limitations period.  The burden of timely seeking appropriate relief in an appropriate proceeding at all times remains with petitioner.

IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice: (a) for failure to state a claim upon which relief may be granted to the extent that petitioner seeks an order compelling his extradition for a revocation proceeding in Washington federal court and any related requests for relief; (b) for mootness to the extent that petitioner challenged his pretrial detention by state authorities; and (c) for lack of exhaustion to the extent that petitioner now would seek to challenge his state court judgment of conviction.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED.  Jurists of reason would not find it debatable as to whether the district court is correct in its procedural ruling dismissing the petition without prejudice, for the reasons discussed herein.

IT FURTHER IS ORDERED that petitioner's motion (ECF No. 20) for appointment of counsel is DENIED.

IT FURTHER IS ORDERED that the clerk of court shall make informal electronic service upon respondent state attorney general Adam P. Laxalt and direct a notice of electronic filing of this order to his office. **No response is required from respondent Laxalt other than to respond to any orders of a reviewing court.**

The clerk of court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED:  June 21, 2018.

_____
JAMES C. MAHAN
United States District Judge

-8-